MARC S. HINES (SBN 140065)
mhines@hineshamptonllp.com
CHRISTINE M. EMANUELSON (SBN 221269)
cemanuelson@hineshamptonllp.com
HINES HAMPTON LLP
3090 Bristol Street, Suite 300
Costa Mesa, California 92626
Tel.:  (714) 513-1122
Fax:  (714) 242-9529

Attorneys for Defendants, Nationwide Mutual Insurance Company and Allied Property & Casualty Insurance Company

# THE UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARY ALICE CAMPBELL, an individual,<br><br>              Plaintiff,<br><br>    v.<br><br>NATIONWIDE MUTUAL INSURANCE COMPANY, a mutual corporation; ALLIED PROPERTY AND CASUALTY INSURANCE COMPANY, a corporation, and DOES 1 through 50, inclusive,<br><br>              Defendants. | CASE NO. 8:14-cv-00091-JLS-DFM<br><br>**NOTICE OF MOTION AND MOTION OF DEFENDANTS' FOR SUMMARY JUDGMENT OR, IN THE ALTERNATIVE PARTIAL SUMMARY JUDGMENT**<br><br>Hearing Date:  October 30, 2015<br>Hearing Time:  2:30 P.M.<br>Location:         Courtroom 10A<br>Judge:    Hon. Josephine L. Staton |

**TO ALL PARTIES AND THEIR COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE** that on **October 30, 2015, at 2:30 P.M. in Courtroom 10A**, of the U.S. District Court for the Central District of California, located at 411 West Fourth Street, Santa Ana, California 92701, before Honorable Josephine L. Staton, Defendants NATIONWIDE MUTUAL INSURANCE COMPANY ("NMIC") and ALLIED PROPERTY AND CASUALTY INSURANCE COMPANY ("Allied") (collectively "Defendants") will and does hereby move this Court for Summary Judgment of Plaintiff MARY ALICE

CAMPBELL'S ("Plaintiff") Complaint on file in this action, or in the Alternative, for Partial Summary Judgment, pursuant to Rule 56 of the Federal Rules of Civil Procedure ("FRCP"), of the causes of action contained therein for negligence, breach of covenant of good faith and fair dealing, intentional infliction of emotional distress, conversion, and trespass to chattel, breach of contract and Plaintiff's claim for punitive damages.

This motion is made pursuant to FRCP 56 on the grounds that there is no triable issue of fact establishing Defendants breached the insurance contract on the grounds NMIC did not issue the policy or participate in investigation and adjudication of the claim, and because of Plaintiff's material breaches of the insurance policy in failing to submit to an examination under oath and to cooperate with Allied's investigation of the claim, causing substantial prejudice to Allied, thereby excusing any liability of Allied under the policy. The motion is also made on the ground the uncontroverted facts establish Plaintiff cannot present evidence essential to her claims for negligence, conversion, trespass to chattel, breach of covenant of good faith and fair dealing, intentional infliction of emotional distress and punitive damages, and thus, each cause of action fails as a matter of law. In the alternative, Defendants seek partial summary adjudication as to each of the claims raised herein.

In making the above-described motion, Defendants seeks the following specific determinations from the Court:

1. NMIC did not issue the Policy and was not involved in the investigation and adjudication of Plaintiff's insurance claim at issue, and Plaintiff lacks sufficient evidence from which a jury could find any liability against NMIC as to each cause of action in the Complaint.

2. Plaintiff cannot meet the essential elements of Negligence and the claims fails as a matter of law.  It is undisputed Atterholt Construction & Interiors, Inc. ("ACI") and All County Environmental & Reconstruction, Inc. ("All County") are not agents of Defendants. Even so, Allied as the insurer cannot be vicariously liable for injury or damage caused by a third-party vendor's negligence.  Further, negligence based on an insurer's alleged breach of contract is not a cognizable claim.

3. Plaintiff lacks sufficient evidence to satisfy the elements of conversion.  It is undisputed All County is not an agent of Defendants, Defendants did not store or ever take possession of any of Plaintiff's personal property, and Defendants refused to release Plaintiff's personal property to her.

4. Plaintiff lacks sufficient evidence to satisfy the elements of trespass to chattel. It is undisputed All County is not an agent of Defendants, Defendants did not store or ever take possession of any of Plaintiff's personal property, and Defendants refused to release Plaintiff's personal property to her.

5. The undisputed facts show Plaintiff materially breached the conditions of the Policy by failing to comply with her obligations and appear for her second examination and under oath reasonably necessary. Plaintiff also materially breached her obligations under the Policy by failing to cooperate in Allied's investigation of her claim, resulting in substantial prejudice to Allied.  Allied is, therefore, excused from any liability under the Policy and Plaintiff cannot support a cause of action for breach of contract.

3
DEFENDANTS' NOTICE OF MOTION AND MOTION FOR SUMMARY JUDGMENT OR, ALTERNATIVELY, PARTIAL SUMMARY JUDGMENT

6. Because Plaintiff cannot show a breach of contract, and, therefore, cannot support a cause of action for breach of the covenant of good faith and fair dealing as a matter of law.  Notwithstanding, there is no evidence on the record supporting Allied [or NMIC, as it had no involvement in the claim] acted unreasonably or without proper cause, or otherwise consciously and deliberately frustrated or delayed Plaintiff's claim.  Further, at a minimum, a genuine issue exists as to Allied's liability under the policy and whether additional policy benefits were owed to Plaintiff; thereby, precluding bad faith as a matter of law.

7. Plaintiff lacks evidence supporting any extreme or outrageous conduct by Defendants direct at Plaintiff, or intended to cause her severe emotional distress, or otherwise performed with reckless disregard, necessary to support a claim for intentional infliction of emotional distress.

8. There is no clear and convincing evidence supporting Defendants willfully, maliciously, and unreasonably withhold benefits with the intent to vex, annoy or Plaintiff in order to support a claim for punitive damages.

9. Summary Judgment should be entered in Defendants' favor as to the Complaint or Partial Summary Judgment should be entered in Defendants' favor as to Plaintiff's first, second, third, fourth, fifth and sixth causes of action in the Complaint and for the claim for punitive damages consistent with the foregoing

This Motion is based upon this Notice of Motion and Motion; the accompanying Memorandum of Points and Authorities; the Separate Statement of Uncontroverted Facts and Conclusions of Law; the Declarations of Christine M.

1  Emanuelson and Jeff Mangili; Defendants' Compendium of Exhibits and the
2  exhibits contained therein; and all pleadings, filings and records in this matter; and
3  such other and further evidence and argument as allowed at oral hearing on this
4  matter.
5       This motion is made following Defendants' attempt to meet and confer with
6  Plaintiff pursuant to L.R. 7-3 on September 4, 2015. (See Declaration of Christine
7  M. Emanuelson, Esq., ¶8).

Dated: September 18, 2015         **HINES HAMPTON, LLP**

                             By:   ***/s/: Christine M. Emanuelson***
                                     Marc S. Hines
                                     Christine M. Emanuelson
                                     Attorneys for Defendants, Allied Property &
                                     Casualty Insurance Company and
                                     Nationwide Mutual Insurance Company

CERTIFICATE OF SERVICE

I hereby certify that on **September 18, 2015**, I electronically filed the foregoing document or paper with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses denoted on the attached Electronic Mail Notice List, and I hereby certify that I have mailed the foregoing document or paper via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.  Executed on **September 18, 2015**.


_____*Anna Cooley*_____
Anna Cooley


**Manual Notice List**

Mary Alice Campbell
1691 Orchard Dr.
Newport Beach, CA